United States Bankruptcy Court
Southern District of Texas
**ENTERED**
January 18, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATED BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: § | |
| § | CASE NO: 21-33136 |
| EXCELLENCE 2000, INC., § | |
| § | |
| Debtor. § | |
| § | |
| § | CHAPTER 11 |

## MEMORANDUM OPINION

In this subchapter V proceeding, Excellence 2000, Inc. was ordered to file a plan of reorganization no later than December 27, 2021. Rather than filing a plan, however, Excellence 2000, Inc. filed an emergency motion to extend the deadline on December 28, 2021, one day after the expiration of the statutory 90-day plan filing deadline in subchapter V cases. On January 6, 2022, the Court held a hearing on the motion. For the reasons stated herein, the motion is denied.

### I. JURISDICTION AND VENUE

This Court holds jurisdiction pursuant to 28 U.S.C. § 1334, which provides "the district courts shall have original and exclusive jurisdiction of all cases under title 11." Section 157 allows a district court to "refer" all bankruptcy and related cases to the bankruptcy court, wherein the latter court will appropriately preside over the matter.[1] This court determines that pursuant to 28 U.S.C. § 157(b)(2)(A) this proceeding contains only core matters.

This Court may only hear a case in which venue is proper.[2] 28 U.S.C. § 1409(a) provides that "a proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending." Debtor's principal place of

---

[1] 28 U.S.C. § 157(a); *see also* In re: Order of Reference to Bankruptcy Judges, Gen. Order 2012-6 (S.D. Tex. May 24, 2012).
[2] 28 U.S.C. § 1408.

business is Midway, Madison County, Texas, which is located within the Houston Division of the Southern District of Texas and its chapter 11 case is presently pending in this Court; therefore, venue of this proceeding is proper.

## II. Background

Excellence 2000, Inc. ("*Debtor*") filed bankruptcy on September 27, 2021, electing to procced under subchapter V of chapter 11 of the Code.[3] On September 29, 2021, the Court issued its order for an initial status conference and scheduled the hearing for November 1, 2021.[4] Paragraph 4(b) of that order required Debtor to address "[a]ny complications the debtor anticipates in promptly proposing and confirming a plan, including any need for discovery, valuation, motion practice, claim adjudication, or adversary proceeding litigation."[5] On October 11, 2021, Debtor filed its schedules, summary of assets, and statement of financial affairs.[6] On November 1, 2021, Debtor filed its Chapter 11 Subchapter V Status Report ("*Status Report*").[7] On the same date, the Court held a hearing and ordered Debtor to, inter alia, file its plan of reorganization not later than December 27, 2021 ("*Initial Status Conference Order*").[8] On December 28, 2021, Debtor filed its Emergency Motion for Debtor to Extend Date to File Chapter 11 Plan of Reorganization ("*Motion*").[9] On January 6, 2022, this Court held a hearing on the Motion ("*Hearing*").

## III. Analysis

Section 1189 provides, "[t]he debtor shall file a plan not later than 90 days after the order for relief under this chapter, except that the court may extend the period if the need for the

---

[3] Any reference to "Code" or "Bankruptcy Code" is a reference to the United States Bankruptcy Code, 11 U.S.C., or any section (i.e.§) thereof refers to the corresponding section in 11 U.S.C.
[4] ECF No. 5.
[5] *Id.* at 1.
[6] ECF No. 12.
[7] ECF No. 15.
[8] ECF No. 16.
[9] ECF No. 30.

extension is attributable to circumstances for which the debtor should not justly be held accountable."[10]  Having filed its petition on September 27, 2021, Debtor was required to file a plan no later than December 27, 2021.[11]  One day later, on December 28, 2021, Debtor filed the instant Motion, requesting to extend its plan filing deadline to March 11, 2022.[12]  This case presents two questions: (1) whether a motion to extend the filing deadline filed one day after the expiration of the deadline prescribed by § 1189 may be considered and (2) whether "the need for the extension is attributable to circumstances for which the debtor should not justly be held accountable."[13]  The Court considers each in turn.

### A. Whether a motion to extend can be filed past the 90-day plan filing deadline prescribed by 11 U.S.C. § 1189

Section 1189(b) controls when a plan must be filed in a subchapter V case and permits a court to extend the 90-day deadline but § 1189(b) does not prescribe a deadline for a request to extend the deadline.  That begs the question: can a motion to extend made after § 1189's prescribed deadline nevertheless be considered by the Court?  The answer lies in the contrast between § 1189 and § 1121.  Section 1121 provides: ". . . on request of a party in interest *made within the respective periods specified* in (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section."[14]  Section 1121 also provides that in a small business case, a court may extend the plan filing deadline "only if . . . the order extending time is signed *before the existing deadline has expired*."[15]  While

---

[10] 11 U.S.C. § 1189(b).
[11] *See* ECF No. 16.
[12] ECF No. 30 at 3.
[13] 11 U.S.C. § 1189(b).
[14] *Id.* § 1121(d)(1) (emphasis added).
[15] *Id.* § 1121(e)(3)(C) (emphasis added).

§ 1121 mandates deadlines for motions to extend, § 1189 does not. This difference in language is significant.

Section 1121 was enacted before § 1189 and therefore, if Congress intended to impose a deadline on motions to extend under § 1189, it could have added language similar to that of § 1121. Courts generally presume that "where Congress includes particular language in one section of a statute but omits it in another section of the same Act . . . Congress acts intentionally and purposely in the disparate inclusion or exclusion."[16]   Thus, this Court concludes that there is no timing requirement governing an extension request under § 1189(b).[17]

 A leading bankruptcy treatise echoes this finding:

> The 90-day time limit for filing a subchapter V plan may be extended without the requirement of section 1121(e)(3)(C) in a small business chapter 11 case that provides that the order extending the time limit must be signed before the existing deadline has expired. Accordingly, there is no requirement in subchapter V that the debtor request the extension before the 90-day limit has expired.[18]

As Collier notes, however, a motion to extend should be filed with enough time for the court to act upon such motion before the 90-day time limit expires because failure to file a plan by the deadline constitutes cause to dismiss or convert the case to a chapter 7.[19]   Here, Debtor filed its Motion on the 91st day on an emergency basis.[20]   While doing so is not statutorily prohibited, it is unnecessarily risky.

Section 1112(b), applicable in subchapter V cases, subjects a debtor to the risks of conversion of its case to chapter 7, dismissal, or denial of plan confirmation.[21]   Section 1112(b) mandates that "the court *shall* convert a case under this chapter to a case under chapter 7 or dismiss

---

[16] *Duncan v. Walker*, 533 U.S. 167, 173 (2001) (cleaned up).
[17] *See In re Online King LLC*, 629 B.R. 340, 347 (Bankr. E.D.N.Y. 2021).
[18] COLLIER ON BANKRUPTCY ¶ 1189.03 (Richard Levin & Henry J. Sommer eds., 16th ed.).
[19] *Id.*; *see also In re Online King LLC*, 629 B.R. at 348.
[20] ECF No. 30.
[21] *See* 11 U.S.C. §§ 1181, 1191 (incorporating § 1129(a)(1)).

a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate." Because § 1104 does not apply in a subchapter V case,[22] the court must convert or dismiss the case under § 1112(b), upon request of the subchapter V trustee, a creditor, or any other party in interest, if the debtor does not timely file a plan as required under § 1189(b) and, in this case, as ordered by this Court's Initial Status Conference Order.[23]

Ultimately, a debtor's failure to file a motion to extend before § 1189(b)'s prescribed deadline renders the debtor essentially defenseless when faced with a motion to convert or dismiss and § 1112(b) binds the court to order one or the other in a subchapter V case. Nevertheless, nothing in § 1189(b) prevents a debtor from filing a motion to extend the 90-day plan filing deadline after such deadline has expired and nothing prevents this Court from considering such motion after the deadline. Accordingly, this Court finds that it has discretion to consider Debtor's Motion and grant retroactive relief if merited. The Court now turns to the second part of the analysis: whether the need for the extension is attributable to circumstances for which the debtor should not justly be held accountable.[24]

### B. Whether the need for the extension is attributable to circumstances for which the debtor should not justly be held accountable

In *Baker*, this Court found that the phrase "attributable to circumstances for which the debtor should not justly be held accountable" evinces a higher standard than the "for cause" standard set forth in Federal Rule of Bankruptcy Procedure 9006(b) and Bankruptcy Code

---

[22] *Id*. § 1181(a).
[23] *Id.* § 1112(b)(4)(E), (J).
[24] *Id*. § 1189(b).

§ 1121(d)(1).[25] This Court then established a four-factor test to determine whether the need for the extension is attributable to circumstances for which the debtor should not justly be held accountable. The factors considered are: (1) whether the circumstances raised by the debtor were within its control, (2) whether the debtor has made progress in drafting a plan, (3) whether the deficiencies preventing that draft from being filed are reasonably related to the identified circumstances, and (4) whether any party-in-interest has moved to dismiss or convert the debtor's case or otherwise objected to a deadline extension in any way.[26] Debtor, as movant, bears the burden of establishing that "the need for the extension is attributable to circumstances for which the debtor should not justly be held accountable."[27]

Debtor is engaged in a dispute with the Texas Education Agency ("*TEA*") regarding ownership of two properties: 7803 Little York Road, Houston, Texas 77016 and 316 E Wheatland Road, Dallas, Texas 75241 ("*Properties*"). Debtor's extension request rests on that dispute: "[w]hile the Debtor could file a plan, the plan will depend on ownership. If the State is not ultimately determined to own the Properties, then the plan may not and probably is not necessary."[28]

Debtor did not offer any evidence or witness testimony at the Hearing regarding the status of the Properties. Instead, Debtor's counsel explained that "if the Court want[ed him] to file a plan, [he] could file a plan," but filing a plan may waste time of the parties in interest if this Court later found that Debtor was not the rightful owner of the Properties because the Properties are central to Debtor's plan.[29] In closing, Debtor's counsel stated that Dallas County filed a $1.1

---

[25] 625 B.R. 27, 33 (Bankr. S.D. Tex. 2020).
[26] *Id.* at 35.
[27] 11 U.S.C. § 1189(b). *See also In re Online King LLC*, 629 B.R. 340, 349 (Bankr. E.D.N.Y. 2021).
[28] ECF No. 30 at 4, ¶ 15.
[29] January 6, 2022 Hearing at 1:32:40–1:34:50.

million proof of claim for ad valorem taxes that Debtor would need to address and requested that this Court take judicial notice of that claim.[30]

### 1. Whether the circumstances raised by Debtor were within its control

Debtor's Motion is based on the active dispute between itself and the TEA over ownership of the Properties.[31] An initial hearing on the ownership dispute was held on December 8, 2021, where the parties announced an agreement to continue the hearing to February 9, 2022.[32] As the Motion notes, "the date to file the plan was not addressed" at that hearing. What the Motion fails to acknowledge, however, is that it was not addressed because the plan filing deadline was already set by this Court's Initial Status Conference Order and no party raised the issue.

While ownership of the Properties may not be within Debtor's control, circumstances surrounding that matter certainly are within Debtor's control. On November 1, 2021, Debtor filed its Status Report.[33] In compliance with paragraph 4(b) of this Court's September 29, 2021 order, Debtor disclosed that the TEA's allegation that the State of Texas is the rightful owner of the Properties and Debtor's objection thereto was an anticipated complication to promptly proposing and confirming a plan.[34] The Status Report also noted that the schools located on the Properties were closed by the TEA in August 2016 and that Debtor has not had access since the lockout.[35] Thus, Debtor has known at least since August 2016, but certainly since November 1, 2021, that there was an ownership dispute involving the Properties.

---

[30] *Id.* at 1:32:40–1:34:50, 1:37:10–1:38:30.
[31] ECF No. 30 at 3, ¶¶ 7–8.
[32] December 8, 2021 Min. Entry. *See also* ECF No. 25 (Debtor's Unopposed Emergency Motion to Continue Hearing on Ownership and Title).
[33] ECF No. 15.
[34] *Id.* at 1, ¶ 2.
[35] *Id. See also* ECF No. 30 at 4, ¶ 17 ("The Properties have been held by the State of Texas under a lockout since August of 2016. However, title to the Properties is still in the name of the Debtor.").

Debtor's Motion states that "Debtor has sent discovery request [sic] to the State of Texas and multiple banks" and that "Debtor is actively working on the ownership documents and status of the ownership of the Properties."[36] Debtor's counsel represented the same at the Hearing.[37] Yet, Debtor provided no evidence of those requests, no evidence demonstrating when those requests were made, and no evidence demonstrating why this matter was unresolvable prior to the December 27, 2021 plan filing deadline.

Moreover, by agreeing to continue the hearing to February 9, 2022, Debtor was aware at the December 8, 2021 hearing that the ownership dispute would not be resolved before the plan filing deadline. Nevertheless, Debtor waited until one day past the deadline to file its Motion on an emergency basis, providing no explanation for its failure to file the Motion before § 1189(b)'s deadline. Instead, Debtor's counsel represented to this Court that while working on the plan, he realized that the ownership of the Properties would determine what happens. Although that may be true, Debtor's counsel never explained why it took him until one day after the 90-day filing deadline to come to that realization when he was aware of the TEA's claim at least 56 days before the plan was due.

Because Debtor failed to provide any evidence demonstrating why the ownership dispute could not be resolved before the plan filing deadline or why its Motion was untimely filed despite knowledge of the dispute well in advance of the plan filing deadline, the Court finds that Debtor has not demonstrated that the circumstances necessitating an extension were outside its control.

Accordingly, this factor weighs against granting the extension.

2. **Whether Debtor has made progress in drafting a plan**

---

[36] ECF No. 30 at 3, ¶ 12.
[37] January 6, 2022 Hearing at 1:32:40–1:34:50.

Debtor's counsel represented to the Court that he had been working on a plan but produced no evidence of that plan at the evidentiary hearing on Debtor's Motion. Absent any evidence of the draft, this Court cannot determine whether and to what extent progress was made in drafting a plan.

Accordingly, this factor weighs against granting the Motion.

3. **Whether the deficiencies preventing that draft from being filed are reasonably related to the identified circumstances**

Debtor's Motion states that "a plan may not and probably is not necessary" if it is determined that the State of Texas is the rightful owner of the Properties.[38] Yet, Debtor's counsel represented to the Court that he had been working on a plan and could file a plan if the Court wanted him to do so.[39] First, this case is governed by 11 U.S.C. §§ 1181–1195. Section 1189(b) mandates that "[t]he debtor shall file a plan not later than 90 days after the order for relief under this chapter . . . ." Thus, filing a plan before the 90-day deadline is what the Bankruptcy Code compels, not what "the Court wants" Debtor to do.

Second, if, as stated in the Motion and represented by Debtor's counsel, Debtor could have filed a plan, then there really were no deficiencies that prevented filing of the plan prior to the December 27, 2021 deadline. Debtor's own admission that it could have filed a plan prevents this Court from finding that the alleged plan deficiencies related to the ownership dispute over the Properties prevented the plan from being timely filed. Regardless, Debtor offered no evidence at the Hearing of the progress made in drafting a plan or the deficiencies preventing finalization and filing of the plan as prescribed by § 1189(b).

Accordingly, this factor weighs against granting the Motion.

---

[38] ECF No. 30 at 4, ¶ 15.
[39] January 6, 2022 Hearing at 1:32:40–1:34:50.

4. **Whether any party-in-interest has moved to dismiss or convert the debtor's case or otherwise objected to a deadline extension in any way**

Three other parties appeared at the January 6, 2022 hearing on Debtor's Motion: the TEA, the subchapter V trustee, and the United States Trustee.[40] The subchapter V trustee announced her support for an extension.[41] The TEA initially took no position on an extension, but later noted that if the plan relies on the Properties, then the time to file should be extended.[42] The United States Trustee also announced its support for an extension.[43]

Accordingly, this factor weighs in favor of granting the extension.

### IV. CONCLUSION

Although this Court finds that it has discretion to consider Debtor's late filed Motion and grant retroactive relief if merited, Debtor failed to file a properly supported Motion to Extend, resulting in only one of three of the *Baker* factors being satisfied. Therefore, Debtor has not met its evidentiary burden in demonstrating that the need for the extension is attributable to circumstances for which the debtor should not justly be held accountable.[44]

Accordingly, Debtor's Emergency Motion for Debtor to Extend Date to File Chapter 11 Plan of Reorganization" is denied.[45] An order consistent with this Memorandum Opinion will be entered on the docket simultaneously herewith.

SIGNED January 18, 2022

_____
Eduardo Rodriguez
United States Bankruptcy Judge

---

[40] *Id.* at 1:32:00–1:32:40.
[41] *Id.* at 1:34:53–1:36:50.
[42] *Id.* at 1:35:21–1:36:50.
[43] *Id.* at 1:36:51–1:37:10.
[44] 11 U.S.C. § 1189(b).
[45] ECF No. 30.